UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY LABASH,

       Plaintiff,

v.

       Case No. 04-73345
       Hon. Gerald E. Rosen
       Magistrate Judge Wallace Capel, Jr.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    October 4, 2005

PRESENT:  Honorable Gerald E. Rosen
                United States District Judge

On July 27, 2005, Magistrate Judge Wallace Capel, Jr. issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Nancy Labash's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on August 8, 2005. Having reviewed the R & R, Plaintiff's objections, and the remainder of the record, the Court finds that the R & R should be adopted.

Plaintiff raises two objections to the R & R. In the first, she contends that the Magistrate Judge erroneously linked the findings of the Administrative Law Judge

("ALJ") regarding Plaintiff's credibility and her residual functional capacity ("RFC"), implying that the latter followed logically from the former.  Yet, the portion of the R & R challenged by Plaintiff is merely a brief summary of the ALJ's decision, and does not purport to analyze the grounds for this decision.  Rather, the Magistrate Judge's analysis begins in the *next* section of the R & R, and Plaintiff has not explained how the Magistrate Judge's brief description of the ALJ's decision has any material bearing on the R & R's subsequent treatment of the pertinent issues in this case.  While Plaintiff complains that the "entire Report and Recommendation" is "taint[ed]" by this purported "error," she has not identified any analytical flaw in the Magistrate Judge's approach to the issues presented in the parties' cross-motions, much less one that might flow from the R & R's brief characterization of the challenged administrative decision.

 Next, Plaintiff contends that the Magistrate Judge improperly analyzed her challenge to the ALJ's finding that her impairments did not meet or equal Listing 11.08 of the Listing of Impairments.  Again, however, this argument rests upon selective passages of the R & R to the exclusion of others.  Plaintiff argues, for example, that the Magistrate Judge erroneously concluded that she no longer had a lesion or defect following her surgery, in contrast to the ALJ's evident belief that Plaintiff satisfied this element, at least, of the criteria for Listing 11.08.  Yet, any such "finding" in the R & R plainly would not assist Plaintiff in securing the reversal of the ALJ's decision, as she herself recognizes in her objections that the ALJ cited an altogether different set of reasons for concluding that Plaintiff did not have impairments that meet or equal Listing 11.08.

As to the grounds actually cited in the ALJ's decision, Plaintiff has not established that they lack the support of substantial evidence in the record.  Rather, Plaintiff again argues only that portions of the ALJ's analysis, if viewed in isolation, might not survive scrutiny under this standard of review.  She cites, for instance, the ALJ's finding that Plaintiff "does not require the use of a cane for ambulation," (Admin. Record at 17), and argues that Listing 11.08 is not limited to those who must use a cane or other device for ambulation.  Be that as it may, the ALJ cited a number of other considerations, beyond Plaintiff's ability to walk without a cane, in support of the conclusion that she did not "exhibit significant and persistent disorganization of motor function in two extremities," as required for an impairment to meet or equal Listing 11.08.  (Id.)  Most significantly, the ALJ pointed to the evidence that Plaintiff's "right lower extremity is strong," (id.) — a finding which, as observed by the Magistrate Judge, would preclude Plaintiff's impairment from meeting or equaling Listing 11.08, even if the ALJ had fully accepted Plaintiff's complaints about significant disorganization of motor function in her left leg.  (See R & R at 10-11 n.8.)  Accordingly, the Court finds no merit in this objection.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's July 27, 2005 Report and Recommendation is ADOPTED as the ruling of this Court.  IT IS FURTHER ORDERED, for the reasons stated in the R & R and set forth above, that Defendant's motion for summary judgment is GRANTED, and that Plaintiff's motion for summary judgment is DENIED.

                s/Gerald E. Rosen
                Gerald E. Rosen
                United States District Judge

Dated: October 4, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2005, by electronic and/or ordinary mail.

                s/LaShawn R. Saulsberry
                Case Manager